| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>Plaintiff,<br><br>v.<br><br>CONALL MCCABE, et al.,<br><br>Defendants. | 1:16-cv-0558 LJO MJS (PC)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MAY 5, 2017, MOTION FOR PERMISSION TO PROCEED WITH DISCOVERY;**<br><br>**(2) DENYING PLAINTIFF'S MAY 5 2017, MOTION TO APPOINT COUNSEL;**<br><br>**(3) DENYING PLAINTIFF'S MAY 25, 2017, MOTION FOR COURT ORDER; AND**<br><br>**(4) DENYING PLAINTIFF'S MAY 30, 2017, MOTION FOR PERMISSION TO CONDUCT DISCOVERY**<br><br>**(ECF NOS. 21, 22, 28, 33)** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's First Amended Complaint against Defendants E. Clark, O. Beregovskaya, P. Lenoir, and C. McCabe on an Eighth Amendment medical indifference claim; against R. Vogel on an Eighth Amendment excessive force claim; and against E. Clark, O. Beregovskaya, P. Lenoir, C. McCabe, and R. Vogel on a Fourteenth Amendment equal protection claim.

1

(ECF No. 14.) Defendants filed an answer on May 19, 2017, and a Discovery and Scheduling Order issued on May 22, 2017. (ECF Nos. 25, 27.)

Pending before the Court are a number of motions filed by Plaintiff: (1) a May 5, 2017, motion to proceed with discovery (ECF No. 21); (2) a May 5, 2017, motion to appoint counsel (ECF No. 22); (3) a May 25, 2017, motion directing defendants to file an answer (ECF No. 28); and (4) a May 30, 2017, motion for permission to conduct discovery prior to Defendants' answer (ECF No. 33).

**I.     May 5, 2017, Discovery Motion**

In the May 5, 2017, motion, Plaintiff moves the Court to conduct "discovery to contest and/or respond to any likely challenges defendants may make to dismiss. The above-entitled cause." Defendants have not filed a motion to dismiss; instead, they filed an answer. This motion will therefore be denied.

**II.    May 5, 2017, Motion to Appoint Counsel**

Also on May 5, 2017, Plaintiff filed a motion to appoint counsel on the grounds that he is indigent, his incarceration affects his ability to litigate this action, the issues are complex, and only an attorney could properly prepare this case for trial.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id. This motion will also be denied.

**III.     May 25, 2017, Motion to Direct Defendants to Answer**

On May 25, 2017, Plaintiff filed a request for an order directing Defendants to file an answer. Since Defendants filed an answer the week before on May 19, 2017, this motion will be denied.

**IV.     May 30, 2017, Motion for Permission to Conduct Discovery**

In the May 30, 2017, motion for permission to conduct discovery, Plaintiff seeks leave to conduct discovery prior to the filing of Defendants' answer. Again, since Defendants have now already answered and a Discovery and Scheduling Order has issued, this request will be denied as moot.

**V.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's May 5, 2017, motion (ECF No. 21) is DENIED;
2. Plaintiff's May 5, 2017, motion to appoint counsel (ECF No. 22) is DENIED;
3. Plaintiff's May 25, 2017, motion (ECF No. 28) is DENIED; and
4. Plaintiff's May 30, 2017, motion (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated:  June 1, 2017                                  /s/ *Michael J. Seng*
                                                                  UNITED STATES MAGISTRATE JUDGE

3