UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONALL MCCABE, et al.,<br><br>　　　　　Defendants. | 1:16-cv-0558 LJO MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SHORTEN TIME FOR FILING AND HEARING MOTION; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br>　**(1) DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR PROTECTIVE ORDER;**<br>　**(2) DENY PLAINTIFF'S MOTION FOR A COURT ORDERED TELEPHONIC CONFERENCE;**<br>　**(3) DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br>　**(4) DENY PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION AND A TEMPORARAY RESTRAINING ORDER**<br><br>**(ECF NOS. 24, 31, 32, 35, 38)** |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's First Amended Complaint against Defendants E. Clark, O. Beregovskaya, P. Lenoir, and C. McCabe on an Eighth Amendment medical indifference claim; against R. Vogel on an

Eighth Amendment excessive force claim; and against E. Clark, O. Beregovskaya, P. Lenoir, C. McCabe, and R. Vogel on a Fourteenth Amendment equal protection claim.

Pending before the Court are the following motions filed by Plaintiff: (1) a motion for preliminary injunction and/or protective order (ECF No. 24); (2) a motion to shorten time for filing and hearing motion (ECF No. 31); (3) a motion for a "court order emergency circumstance[s] telephonic conference" (ECF No. 32); (4) a motion for temporary restraining order (ECF No. 35); and (5) a request for a preliminary injunction and a temporary restraining order (ECF No. 38).

**I.      Plaintiff's Allegations[1]**

Plaintiff is incarcerated in California State Prison Corcoran ("Corcoran"). Plaintiff brings three claims for violations of his constitutional rights against the following individuals: (1) Connall McCabe, M.D., Chief Physician and surgeon at Corcoran; (2) Pierrette Lenoir, M.D., physician and Surgeon at Corcoran; (3) Olga Beregovskaya, M.D., physician and surgeon at North Kern State Prison; (4) E. Clark, M.D., physician and surgeon at Corcoran; and (5) Corcoran Correctional Sergeant Vogel.

At some unknown time in March 2015, Clark and Beregovskaya prescribed Plaintiff Tylenol for his pain, and McCabe later prescribed him Tylenol and gabapentin for his pain.

On March 25, 2015, Clark, Beregovskaya, McCabe, and Lenoir, who composed a "pain committee," intentionally stopped Plaintiff's pain medication in order "to inflict extreme pain over the next year" due to Plaintiff's Islamic faith. Nurse Practitioner Rouch stated that the committee members "said to live with the pain. We do not treat Muslims. What a mess, a mentally ill Muslim who wants to be treated humanely." Clark, Beregovskaya, McCabe, and Lenoir stopped Plaintiff's pain medication without examining him, knowing that it would cause him pain and suffering.

In June 2015, McCabe approved gabapentin for Plaintiff's pain. In March 2016,

---
[1] These allegations are reproduced from the March 1, 2017, Screening Order issued by the Honorable Lawrence J. O'Neill. (ECF No. 14.)

McCabe and Lenoir prescribed Plaintiff methadone for his pain, allegedly because they no longer think Plaintiff is a Muslim.

On August 4, 2015, Sergeant Vogel "slammed [Plaintiff] into a wall" while he was handcuffed, "hit [him] twice in [his] lower back, resulting in [him] dropping to [his] knees, then hit [him] upon the top of [his] head." Vogel said "die like the Muslim piece of shit [you] are. Beregovskaya warned you about medical appeals." Two unknown officers then "dragged [Plaintiff] across the floor and to the transport bus."

Later that night, two officers "conducted a use of force video." One of them, Lieutenant Gonzales, "called the acute care hospital" and described Plaintiff's symptoms. "The medical personal [sic] . . . said 'Cortinas is not to be seen by anyone in medical' per Doctor O. Beregovskaya."

Plaintiff seeks damages and "medical treatment that meets the community medical standards."

## II. Plaintiff's Motions

### A. Motion for Preliminary Injunction and/or Protective Order (ECF No. 24)

In his Motion for Preliminary Injunction and/or Protective Order (ECF No. 24), Plaintiff accuses non-party Dr. Gill of abruptly discontinuing Plaintiff's pain medication in May 2017 in retaliation for Plaintiff's initiation of this action. Plaintiff speculates that Dr. Gill did this at the direction of Defendants Dr. McCabe and Dr. Clark. Plaintiff seeks an order for 20 mg of methadone and 15 mg of baclofen three times daily with a six month review. He also seeks "proper medical care that meets the community standards."

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

3

Fed. R. Civ. P. 65(b)(1)(A).

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The Court finds that Plaintiff is not entitled to injunctive relief for several reasons. First, the relief that Plaintiff seeks is different in kind from that set forth in the First Amended Complaint. Additionally, the motion appears to be based on a retaliation claim not asserted in the First Amended Complaint. It is appropriate to grant a preliminary injunction providing "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). A court

should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. Id. To the extent Petitioner is asserting a retaliation claim against Dr. Gill or any of the named Defendants, that claim must be brought in a separate action (after Plaintiff exhausts his administrative remedies). It cannot provide the basis for a preliminary injunction in this lawsuit.

Moreover, it appears that Plaintiff is seeking an order directed to a non-party. The Court does not have jurisdiction to order injunctive relief which would require directing parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Accordingly, this motion should be denied.

**B. Motion for a Court Ordered Emergency Circumstances Telephonic Conference (ECF No. 32) and Motion to Shorten Time for Filing and Hearing Motion (ECF No. 31)**

In Plaintiff's request for a "court order emergency circumstance's telephonic conference" (ECF No. 32), Plaintiff seeks an order directing Chief Physician Dr. Conall McCabe, non-party Attorney General Brian Chan, and non-party Dr. Donald Ramberg to address Plaintiff's pain and treatment plan through a telephonic conference. Plaintiff again claims that he is being denied treatment in retaliation for filing this action. Construing this motion as a request for injunctive relief, it fails for the same reasons set forth above. The undersigned will therefore recommend that it be denied. The Court will also deny Plaintiff's motion to shorten the time for filing and hearing this motion. (ECF No. 31.)

**C. Temporary Restraining Order (ECF No. 35)**

Plaintiff's Temporary Restraining Order (ECF No. 35) seeks an order stopping

5

Defendants from withholding Plaintiff's pain medication in retaliation for filing this action. Once more, Plaintiff claims that Dr. Gill abruptly discontinued all of his pain medication, and that this was at the direction of Dr. McCabe and Dr. Clark in retaliation for filing this suit. This motion should also be denied for the reasons discussed.

### D. Request for a Preliminary Injunction and a Temporary Restraining Order (ECF No. 38)

Finally, in the Request for a Preliminary Injunction and a Temporary Restraining Order (ECF No. 38), Plaintiff repeats his claim that he is being denied pain medication in retaliation for filing this action. The Court will recommend that this motion be denied.

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to shorten time for filing and hearing motion (ECF No. 31) is DENIED; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for preliminary injunction and/or protective order (ECF No. 24) be DENIED;
2. Plaintiff's motion for a "court order emergency circumstance[s] telephonic conference" (ECF No. 32) be DENIED;
3. Plaintiff's motion for temporary restraining order (ECF No. 35) be DENIED; and
4. Plaintiff's request for a preliminary injunction and a temporary restraining order (ECF No. 38) be DENIED.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to

file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: November 6, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE