UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LARRY WILLIAM CORTINAS, | 1:16-cv-0558 LJO MJS (PC) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUR-REPLY** |
| v. | |
| CONALL MCCABE, et al., | **AND** |
| Defendants. | **FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES** |
| | **(ECF NOS. 41, 49.)** |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's First Amended Complaint against Defendants Dr. E. Clark, Dr. O. Beregovskaya, Dr. P. Lenoir, and Dr. C. McCabe on an Eighth Amendment medical indifference claim; against Sergeant ("Sgt.") R. Vogel on an Eighth Amendment excessive force claim; and against Dr. Clark, Dr. Beregovskaya, Dr. Lenoir, Dr. McCabe, and Sgt. Vogel on a Fourteenth Amendment equal protection claim.

Pending before the Court is Defendants' motion for partial summary judgment based on Plaintiff's alleged failure to exhaust administrative remedies. (ECF No. 41.) Plaintiff opposes the motion, and has filed a sur-reply to Defendant's reply brief. Also pending is Defendants' motion to strike Plaintiff's sur-reply. (ECF No. 49.)

1

## I. Allegations in First Amended Complaint

Plaintiff's claims arose while he was housed at California State Prison Corcoran ("Corcoran"). He alleges:

At some unknown time in March 2015, Dr. Clark and Dr. Beregovskaya prescribed Tylenol for Plaintiff's pain, and Dr. McCabe later prescribed Tylenol and gabapentin for pain.

On March 25, 2015, Drs. Clark, Beregovskaya, McCabe, and Lenoir, who composed a "Pain Committee," intentionally stopped Plaintiff's pain medication in order "to inflict extreme pain over the next year." Nurse Practitioner Rouch later told Plaintiff that the committee members said Plaintiff should "live with the pain. We do not treat Muslims. What a mess, a mentally ill Muslim who wants to be treated humanely." Drs. Clark, Beregovskaya, McCabe, and Lenoir stopped Plaintiff's pain medication without examining him, despite knowing that it would cause him pain and suffering, because of Plaintiff's Islamic faith.

In June 2015, Dr. McCabe approved gabapentin for Plaintiff's pain. In March 2016, Drs. McCabe and Lenoir prescribed Plaintiff methadone for his pain because they no longer thought he was a Muslim.

On August 4, 2015, Sgt. Vogel "slammed [Plaintiff] into a wall" while he was handcuffed, "hit [him] twice in [his] lower back, resulting in [him] dropping to [his] knees, then hit [him] upon the top of [his] head." Vogel said "die like the Muslim piece of shit [you] are. Beregovskaya warned you about medical appeals." Two unknown officers then "dragged [Plaintiff] across the floor and to the transport bus." Later that night, two officers "conducted a use of force video." One of them, Lieutenant Gonzales, "called the acute care hospital" and described Plaintiff's symptoms. "The medical personal [sic] . . . said 'Cortinas is not to be seen by anyone in medical' per Doctor O. Beregovskaya."

## II. Defendant's Motion to Strike

### A. Background

Defendants filed the instant motion for partial summary judgment on August 22,

2

1    2017. (ECF No. 41.) On September 14, 2017, Plaintiff filed his opposition, and Defendants filed a reply on September 21, 2017. (ECF Nos. 42-46.)

On October 10, 2017, Plaintiff filed a document titled "Plaintiff's Response to Defendant's September 21, 2017 Reply Brief. [for summary judgment]." (ECF No. 47.) This is a 53-page document that repeats some of Plaintiff's earlier claims regarding the institutional response to his appeals and also asserts new claims, including Corcoran's alleged failure to comply with the remedial agreement in Plata v. Davis, 3:01-cv-013510 TEH (N.D. Cal.). Defendants now move to strike this document. (ECF No. 49.)

**B.     Discussion**

Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired. E.D. Cal. Local Rule 230(l). The Court generally views motions for leave to file sur-replies with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. E.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does not extend to permitting surreplies as a matter of course, and the Court is not generally inclined to permit surreplies absent an articulation of good cause why such leave should be granted.

3

Here, Plaintiff did not seek leave of Court before filing this additional document. Defendants' motion to strike will be granted.

### III. Undisputed Facts

Between March 25, 2015, the date Plaintiff says the Pain Committee (Defendants Clark, Beregovskaya, McCabe, and Lenoir) stopped Plaintiff's pain medication because of his Islamic faith, and April 20, 2016, when Plaintiff initiated this action, four non-medical appeals reached the third level of review and were adjudicated. Decl. of M. Voong in Supp. Defs.' Mot. Partial Summ. J. (ECF No. 41-4) ¶ 9, Ex. A. Relevant here, Plaintiff complains in Log No. COR-15-04720, filed on August 4, 2015, that Sgt. Vogel used excessive force on August 4, 2015, when he allegedly slammed Plaintiff into a wall, punched him in the lower back, and struck him twice on the top of his head. Sgt. Vogel also allegedly told Plaintiff "to die, crawl under a bridge you piece of shit, and some other stuff [Plaintiff] could not make out [due] to the ringing in [his] ears." This appeal was bypassed at the first level of review, granted in part at the second level of review, and then denied at the third level of review on February 5, 2016. Voong Decl. Ex. E (ECF No. 41-5 at 71-85).

During the same time period, Plaintiff filed several appeals that were deemed health care related. Decl. of J. Lewis in Supp. Defs.' Mot. Partial Summ. J. (ECF No. 41-6) ¶ 9, Ex. A. Of these, 31 were processed and exhausted at the third level of review. None of these are specific to the Pain Committee and its allegedly discriminatory motive for stopping Plaintiff's medication.

### IV. Legal Standards

#### A. Summary Judgment Standards

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Material facts are those that may affect the outcome of the case. Anderson, 477 U.S. at 248. A dispute about a material fact is genuine if there is

sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Id. at 248-49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); see Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting Celotex, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See Devereaux, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to judgment. See Celotex, 477 U.S. at 323.

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary

5

judgment for nonexhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with the defendant, however. Id. If material facts are disputed, summary judgment should be denied, and the "judge rather than a jury should determine the facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Plaintiff's pleading is signed under penalty of perjury and the facts therein are evidence for purposes of evaluating the defendants' motion for summary judgment.

**B.     California's Administrative Exhaustion Rules**

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002); Ross v. Blake, 136 S. Ct. 1850,

6

1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." Id. at 90.

For a remedial procedure to be "available" it must exist both in law and, in actual practice, be "capable of use to obtain some relief for the action complained of." Ross, 136 S. Ct. at 1859 (internal quotation marks omitted). In Ross, the Supreme Court enumerated three instances where a procedure, in a practical sense, is unavailable: (1) when the process operates as a "simple dead end" with no actual possibility of relief to prisoners; (2) when the process is so opaque or confusing that it is "essentially unknowable—so that no ordinary prisoner can make sense of what it demands"; and (3) when prison officials thwart inmates from using the process through machination, misrepresentation, or intimidation. Id. at 1859–60 (internal quotation marks omitted).

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. Id. § 3084.1(b), § 3084.7(d)(3).

**V.    Analysis**

Defendants move for partial summary judgment on the ground that Plaintiff did not exhaust administrative remedies on his claim that the excessive force incident involving

Sgt. Vogel was motivated by or related to Plaintiff's religion or on the claim that the Pain Committee stopped Plaintiff's medication without regard to Plaintiff's pain and because of Plaintiff's Islamic faith. Defendants submit evidence Plaintiff did not properly exhaust administrative remedies as to either claim. Defendants concede that Plaintiff's excessive force claim against Sgt. Vogel is exhausted, but argue that the grievance exhausting the claim makes no mention of Sgt. Vogel's alleged attribution of his action to Plaintiff's Muslim religion. Similarly, none of the inmate appeals regarding Pain Committee actions link Committee conduct to Plaintiff's faith.

As established by Plaintiff's pursuit of his administrative remedies, those remedies were available to him. Defendant's just-discussed showing carries their burden to demonstrate that Plaintiff did not properly exhaust those remedies as to his equal protection claim against the Pain Committee and St. Vogel and/or his deliberate indifference claim against the Pain Committee.

The burden thus shifts to Plaintiff to come forward with evidence that something in his particular case made the existing administrative remedies effectively unavailable to him. See Albino, 747 F.3d at 1172. Instead, Plaintiff argues that his inmate appeals did in fact provide sufficient details about his claims to have them deemed exhausted.

**A. Sgt. Vogel**

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR-602 HC form for a health-care matter). The level of specificity required in the appeal is described in a regulation:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's

8

> involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4).[1]

Exhaustion of administrative remedies may occur if, despite the inmate's failure to comply with a procedural rule, prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process. Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016); e.g., id. at 659 (although inmate failed to identify the specific doctors, his grievance plainly put prison on notice that he was complaining about the denial of pain medication by the defendant doctors, and prison officials easily identified the role of pain management committee's involvement in the decision-making process).

Pursuant to institutional regulations, Plaintiff was thus required to include sufficient facts to give notice of his claim that Sgt. Vogel made statements linking his conduct to religious animus. Plaintiff's grievance, however, did not comply with this

---

[1] Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance "describe the problem and the action requested." See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Cal. Code Regs. tit. 15, § 3084.2); Sapp, 623 F.3d at 824 ("California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Regs. tit. 15, § 3084.2(a)"); Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison or jail's procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought' "). Those cases are distinguishable because they did not address the regulation as it existed at the time of the events complained of in Plaintiff's pleading. Section 3084.2 was amended in 2010 (with the 2010 amendments becoming operative on January 28, 2011), and those amendments included the addition of subsection (a)(3). See Cal. Code Regs. tit. 15, § 3084.2 (history notes 11-12 providing operative date of amendment). Wilkerson and Sapp used the pre-2011 version of section 3084.2, as evidenced by their statements that the regulation required the inmate to "describe the problem and the action requested" – a phrase that does not exist in the version of the regulation in effect in and after 2011. Griffin is distinguishable because it discussed the Maricopa County Jail administrative remedies rather than the CDCR's administrative remedies. Whatever the former requirements may have been in the CDCR and whatever requirements may still exist in other facilities, since January 28, 2011, the operative regulation has required California prisoners using the CDCR's inmate appeal system to list the name(s) of the wrongdoer(s) in their administrative appeals.

9

procedural directive; his appeal does not include any allegation that Sgt. Vogel referred to Plaintiff's religion. It thus appears Plaintiff failed to exhaust remedies on his equal protection claim against Sgt. Vogel.

Plaintiff acknowledges as much but argues that he made a "use of force recording" on August 4, 2015, with Lieutenant A. Gonzales in which he accused Sgt. Vogel of calling Plaintiff "a muslim piece of shit." Pl's Decl. ¶¶ 1-2 (ECF No. 44). Plaintiff claims this information was a part of the investigation and thus satisfies the exhaustion requirements.

Taking this claim as true[2]—namely, that prison officials were made plainly aware of Sgt. Vogel's religious animus towards Plaintiff—the law is clear that the prison officials must have addressed this statement "at each available step of the administrative process." Reyes, 810 F.3d at 658. The record, however, reveals no mention of it during the institutional review of Plaintiff's appeal. Instead, the first level of review was bypassed and second level of review identifies excessive force as the sole incident in which Sgt. Vogel threatened to kill Plaintiff and told him to crawl under a bridge "you piece of shit." Notably absent is any reference to Plaintiff's religion. There is also no mention at the third level of review of Sgt. Vogel calling Plaintiff a "muslim piece of shit." It instead identifies the issue as Sgt. Vogel threatening to kill Plaintiff and calling him "demeaning names."

Plaintiff acknowledges his failure to include all facts relevant to his claim in his appeal. The undersigned thus concludes that Plaintiff failed to exhaust his administrative remedies because Sgt. Vogel's allegedly discriminatory motive was not addressed at any step of the administrative process. Plaintiff's equal protection claim against Sgt. Vogel must therefore be dismissed for failure to exhaust administrative remedies.

**B. The Pain Committee**

The Court turns next to Plaintiff's claim that the Pain Committee was deliberately indifferent to his medical needs and was so motivated by religious animus. Defendants

---

[2] There is no copy or transcript of this recording in the record before the Court.

submitted evidence showing that none of Plaintiff's appeals directly addressed either of these issues.

Plaintiff disagrees. He contends that the following appeals sufficiently put the prison on notice of the nature of his claims: Log No. COR HC 16059774, Log No. COR HC 15059584, and Log No. COR HC 16059632.[3]

### a. Log No. COR HC 16059774

In Log No. COR HC 16059774, filed on January 6, 2016, Plaintiff submitted an inmate health care appeal asking to see a dermatologist and requesting a marijuana prescription for pain. Lewis Decl. Ex. S (ECF No. 41-9 at 147—41-10 at 13.) Plaintiff complained of scabs and pain not being treated. He also claimed that he wrote to Dr. McCabe on multiple occasions to no avail. Finally, Plaintiff noted that "I know that because I am Islamic and have mental illness …. I am not being treated."

Plaintiff's grievance was granted in part at the first level of review on February 25, 2016. Dissatisfied with this response, Plaintiff wrote that a "psy tect Pratt" told Plaintiff "that due to [his] Islamic faith [he] was being given the run-around treatment." Plaintiff's appeal was then denied at the second level of review on May 27, 2016, after the reviewer noted that Plaintiff was improperly attempting to raise a new issue related to his religion. Plaintiff's appeal was denied at the third level of review on October 13, 2016.

This appeal does not exhaust Plaintiff's administrative remedies against the Pain Committee for two basic reasons. First, it makes no mention of the Pain Committee or its alleged religious animus towards Plaintiff. Cal. Code Regs. tit. 15, § 3084.2(a)(3-4). In any event, a decision at the third level of review was not issued until October 13, 2016, several months after Plaintiff initiated this action on April 20, 2016. California state prisoners are required to use the administrative exhaustion process to exhaust their claims *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002); Albino, 747 F.3d at 1166. The third level of administrative review must have been

---

[3] Though Plaintiff identifies this appeal as Log No. "16051632," there is no appeal with that assigned log number in the record. Instead, the documents attached to Plaintiff's opposition reveal this appeal to have been assigned Log No. COR HC 16059632.

11

completed prior to filing the lawsuit, and exhaustion may not occur during the pendency of the federal lawsuit. McKinney, 311 F.3d at 1200; Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

Accordingly, the undersigned finds that Plaintiff did not exhaust his administrative remedies through this appeal.

### b. **Log No. COR HC 15059584**

In Log No. COR HC 15059584, filed on December 15, 2015, Plaintiff submitted an inmate health care appeal claiming that he told Dr. McCabe that after April 3, 2015 doctors under his supervision were not providing pain medication or medical care to Plaintiff allegedly because of Plaintiff's Islamic faith. Lewis Decl. Ex. M (ECF No. 41-9 at 43-54.) Plaintiff's appeal was partially granted at the first level of review on January 26, 2016; granted in part at the second level of review on March 23, 2016; and denied at the third level of review on June 15, 2016. Since the third level of review post-dates the filing of this action, Plaintiff is similarly precluded from relying on this appeal to have served as the basis for his exhaustion efforts against the Pain Committee.

### c. **Log No. COR HC 16059632**

In Log No. COR HC 16059632, filed on December 22, 2015, Plaintiff submitted an inmate health care appeal in which he claimed that he was denied medical care due to his Islamic faith. Lewis Decl. Ex. N. (ECF No. 41-9 at 56-70.) He alleged that sores on his body have been untreated since February 2015 by "medical nurses, nurse practitioners and doctor(s)." The appeal makes no mention of the Pain Committee and does not provide any facts regarding alleged faith-based discrimination. This appeal was granted in part at the first and second levels of review, and then denied at the third level of review on July 25, 2016. As with the previous appeals, this grievance cannot serve to have exhausted Plaintiff's administrative remedies since Plaintiff received a final decision from the third level of review after he initiated this action.

### d. **Log No. COR SC 15001882**

Although Plaintiff does not identify it in his opposition, the Court will briefly discuss

Log No. COR SC 15001882, filed on April 3, 2015. Lewis Decl. Ex. B (ECF No. 41-7 at 45-56.) There, Plaintiff complained that non-party Nurse Rouch intentionally prescribed medication on April 2, 2015 that would be harmful to Plaintiff. When Plaintiff complained, Nurse Rouch allegedly said, "Live with the pain. We do not treat Muslims here. Doctor Conal McCabe said to stop all pain medication with narcotics. What a mess, a mentally ill Muslim wants to be treated humanly [sic]." This appeal was bypassed at the first level of review and then denied at the second after Plaintiff was interviewed by Dr. McCabe. Plaintiff told the interviewer that Nurse Rouch was prescribing a different medication after codeine was stopped per the Pain Committee, and that the Pain Committee's determination was based only with Plaintiff's back pain complaints, not his neck and shoulder pain. The appeal was then denied at the third level of review on September 14, 2015.

While this appeal does not suffer from the same timeliness issue as the three appeals discussed above, it does suffer from other problems. First, it does not link Plaintiff's religion to the Pain Committee's decision to stop medication. The discriminatory language that the operative pleading attributes to the Pain Committee ("We do not treat Muslims here") is instead attributed in this administrative appeal to non-party Nurse Rouch. Furthermore, while Plaintiff claims in this case that the Pain Committee's decision to abruptly stop Plaintiff's pain medication was intended to cause him to suffer, he asserts in this grievance that the Pain Committee's decision was instead based on incomplete medical information related to Plaintiff's neck and shoulders.

Therefore, since Plaintiff did not comply with procedural directives to provide sufficient facts to give notice of his claim regarding the Pain Committee's conduct and its motives, this appeal too fails to have exhausted Plaintiff's administrative remedies against the Pain Committee.

**VI.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion to

strike Plaintiff's sur-reply (ECF No. 49) is GRANTED. The Clerk of Court is directed to strike Plaintiff's October 10, 2017, Reply (ECF No. 47); and

IT IS HEREBY RECOMMENDED that Defendants' motion for partial summary judgment (ECF No. 41) be GRANTED as follows:

1. Plaintiff's Fourteenth Amendment equal protection claim against Sgt. Vogel be dismissed for failure to exhaust administrative remedies;
2. Plaintiff's Fourteenth Amendment equal protection claim and Eighth Amendment medical indifference claim against the Pain Committee (Defendants Clark, Beregovskaya, McCabe, and Lenoir) be dismissed for failure to exhaust administrative remedies; and
3. This action proceed solely against Sgt. Vogel on an Eighth Amendment excessive force claim.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 13, 2017            /s/ *Michael J. Seng*
                                                                           UNITED STATES MAGISTRATE JUDGE

15