UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CONALL MCCABE, et al.,<br><br>　　　　Defendants. | 1:16-cv-0558 LJO MJS (PC)<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S REQUEST FOR RULING;**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO SUPPLEMENT; AND**<br><br>**(3) STRIKING LODGED AMENDED COMPLAINT**<br><br>**(ECF NOS. 40, 48, 55)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Given the District Court's adoption of the undersigned's November 13, 2017, findings and recommendations to dismiss certain claims (for failure to exhaust administrative remedies), the action is ready to proceed on Plaintiff's First Amended Complaint against Sgt. Vogel on an Eighth Amendment excessive force claim stemming from an August 2015 incident. (ECF Nos. 41, 52, 57.) (Plaintiff's Eighth Amendment medical indifference claim against Defendants E. Clark, O. Beregovskaya, P. Lenoir, and C. McCabe, and his Fourteenth Amendment equal protection claim against E. Clark, O. Beregovskaya, P. Lenoir, C. McCabe, and R. Vogel have been dismissed.)

1

Pending before the Court is Plaintiff's request to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d). (ECF No. 40.) Plaintiff claims that several events occurred after he initiated service on Defendants, including a May 5, 2017, directive by former Defendants Dr. McCabe and Dr. Clark to stop Plaintiff's pain medication in retaliation for Plaintiff's initiation of this action. Dr. McCabe also allegedly denied a neurosurgeon's recommendation for another medication, leaving Plaintiff in severe pain and non-functional. Additionally, Plaintiff seeks to add a new Defendant, Dr. R. Gill, who allegedly stopped other pain medication because of Plaintiff's faith.

Rule 15(d) provides the mechanism for supplemental pleading. Pursuant to this Rule, the court may permit a party to supplement his complaint in order to set out any transaction, occurrence, or event that happened since the date of the pleading sought to be supplemented. Id. A supplemental pleading, however, may not introduce a "separate, distinct and new cause of action." Planned Parenthood of S. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted). "To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000) (internal quotations and citations omitted). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. Appx. 791 (9th Cir. 2015) (internal quotations and citations omitted).

As noted, Plaintiff is proceeding in this action on a single excessive force claim against Sgt. Vogel. His supplemental pleading, however, seeks to assert new claims for inadequate medical care against two now-dismissed Defendants, Dr. McCabe and Dr.

Clark. It also seeks to add an entirely new claim against a new Defendant. Since these new claims and Defendants do not implicate Sgt. Vogel or relate to the conduct underlying this action, they must be brought in a separate suit after Plaintiff exhausts his administrative remedies on them. For this reason, Plaintiff's motion to supplement must be denied, and his lodged amended complaint will be stricken.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for ruling (ECF No. 55) is GRANTED;
2. Plaintiff's motion to file a supplemental pleading (ECF No. 40) is DENIED; and
3. Plaintiff's lodged amended pleading (ECF No. 48) shall be STRICKEN.

IT IS SO ORDERED.

Dated: January 9, 2018       /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE